

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-20-0019-3249

Gregory J. Baker        ("Claimant")

-vs-

Rent-A-Center, Inc. d/b/a Rent-A-Center East, Inc. and John Doe, Franchisee        ("Respondents")

## FINAL AWARD OF ARBITRATOR

I, Joseph I. Goldstein, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, each represented by counsel, at an evidentiary hearing held on October 20, 2021, do hereby issue this FINAL AWARD as follows:

The Award of Arbitrator entered November 8, 2021, is herein incorporated by reference, as if fully set forth herein.

The Demand and Amended Demand for Arbitration filed by the Claimant sought recovery of attorney's fees, arbitration costs, statutory damages, actual damages, punitive damages, and injunctive relief.

Claimant has filed a Request for Costs and Attorney's Fees dated November 18, 2021, with supporting Itemization of Attorney's Fees and Costs, and Affidavit.

Respondent Impact RTO Florida, LLC, has filed a Response in Opposition to Claimant's Request for Costs and Attorneys Fees, dated November 29, 2021 with Exhibits.

The essence of Respondent's position is that Claimant executed an agreement in which it was stated, in part, that

"each party will pay his/her own attorney's fees". (Respondent Exhibit R10).

The parties entered into a Consumer Arbitration Agreement (Claimant's Exhibit 5). In Section (I), it states in part:

> Each party shall pay for its own costs and attorney's fees, if any. **However, if applicable law would entitle a party to an award of reasonable attorney's fees**, or if there is a written agreement providing for attorney's fees, **the Arbitrator may award such fees as provided by law**, except to the extent such an award would be barred by Paragraph (G) above. (Paragraph G deals with claims under $10,000 or less)

The Florida Consumer Collection Practices Act ('FCCPA') (§559.77(2) provides that "…any person who fails to comply with any provision of 559.72 is liable for actual damages and for additional statutory damages as the court may allow…together with court costs and reasonable attorney's fees incurred by the plaintiff". An award of

attorney's fees for a prevailing party is mandatory, not discretionary. Arnold v Source Sols. Mgmt, 2021 U.S. Lexis 1114805 at *5 (M.D. Fla Apr 27, 2021)

After careful review of the submissions of the parties, the Arbitrator finds that under the Florida Consumer Collection Practices Act §559.77(1) Claimant is entitled to reasonable costs and attorney's fees as listed below.

Based on the work performed by legal counsel for Claimant in this case, the Arbitrator finds:

    54.3 hours was justified for attorney Nathan Volheim
    $350.00 per hour is appropriate and within rates acceptable within the Middle District
    10.7 hours was justified for his paralegal
    $125 per hour is reasonable for his paralegal
    $200.00 reimbursement of filing fee

**Total Costs/Expenses awarded to Claimant from Respondent is $20,542.50.**

The administrative fees of the American Arbitration Association (AAA) totaling $2,495.00 shall be borne by the Respondent, and the compensation of the arbitrator totaling $3,750.00 shall be borne as incurred.

All sums awarded herein shall be paid by the appropriate party within ten (10) days of the date of this Final Award.

This Final Award is in full settlement of the merits of all claims submitted to this Arbitration

_12/3/2021_
Date

_____
Joseph I. Goldstein, Arbitrator