# Exhibit D

Date: _____

Consumer Lease, Rental-Purchase Agreement, or Retail Installment Sale Contract
Agreement Number _____

**PLEASE READ THIS ARBITRATION AGREEMENT. IT IS BINDING AND ENFORCEABLE UNLESS YOU SEND IN A REJECTION NOTICE, AS SET OUT IN PARAGRAPH (A) BELOW.**

This Arbitration Agreement ("Agreement") is between RAC and the Consumer. As used in this Agreement, the term "Consumer" or "Consumers" mean the customers who sign this Agreement. The term "Consumer Contract" means the consumer lease, rental-purchase agreement, or retail installment contract between the Consumers and RAC. The terms "you" and "your" mean the Consumer, customer, lessee, renter, user, buyer, and other third-party beneficiaries of the items or services RAC is providing, will provide, or has provided to you. And the term "RAC" means Rent-A-Center, its parents, subsidiaries, affiliate entities (including but not limited to Acceptance Now), predecessors or successors in interest, officers, directors, employees, assigns, or agents acting in such capacity. The Federal Arbitration Act (9 U.S.C. § 1-16) ("FAA") governs this Agreement, which evidences a transaction involving interstate commerce.

Except as otherwise provided in this Agreement, you and RAC hereby agree that, in the event of any dispute or claim between us, either you or RAC may elect to have that dispute or claim resolved by binding arbitration on an individual basis in accordance with the terms and procedures set forth in this Agreement.

(A)     Your Right to Reject: If you want to reject this Arbitration Agreement, you must send a written Rejection Notice, by certified mail, return receipt requested, to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. The Rejection Notice must: (i) state that you are rejecting this Agreement; (ii) provide your name, address, and phone number; and (iii) provide the agreement number from the Consumer Contract you entered into with RAC, which is incorporated in this Agreement as though fully set forth. A Rejection Notice is effective only if it is signed by all Consumers who signed the Consumer Contract with RAC and postmarked within 15 days after the date of the execution of this Agreement. RAC will acknowledge your rejection in writing. You should retain the acknowledgement to establish rejection of this Agreement. If you do not receive the acknowledgement from RAC within 15 days from the date you sent your Rejection Notice to RAC, then you should contact the RAC Legal Department by mail or by email at arbitration.reject@rentacenter.com. A Rejection Notice applies only to this Agreement and does not affect the validity or enforceability of any past or future Arbitration Agreements between you and RAC.

(B)     What Claims Are Covered: You and RAC agree that, in the event of any dispute or claim between us, either you or RAC may elect to have that dispute or claim resolved by binding arbitration. This agreement to arbitrate is intended to be interpreted as broadly as the FAA allows. Claims subject to arbitration include, but are not limited to:
- claims arising under, arising out of, or relating in any way to any Consumer Contract entered into between you and RAC at any time, and/or any services rendered under or that relate to any such Consumer Contract;
- claims that arose before the execution of this Agreement or any current or prior Consumer Contract between you and RAC, such as claims related to advertising or disclosures;
- claims that arise after the termination of any Consumer Contract between you and RAC;
- claims that are based on any legal theory whatsoever, including negligence, breach of contract, tort, fraud, misrepresentation, trespass, the common law, or any statute, regulation or ordinance;
- except as specified in Paragraph (C) below, claims that are asserted in a lawsuit in court, including class actions in which you are not a member of a certified class, which the defendant (or counterclaim defendant) elects to have resolved by binding arbitration; and

- except as specified in Paragraph (D) below, any and all disputes relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any contention that all or any part of this agreement to arbitrate is void or voidable.

(C)    **Small Claims Court Option:** Notwithstanding the foregoing, you and RAC each have the right to file an action in small claims court that would be permissible under Paragraph (D) if brought in arbitration and that is within the jurisdiction of the small claims court. The defendant or counterclaim defendant in such a small claims court action may not elect to have the claim resolved by binding arbitration.

(D)    **Requirement of Individual Arbitration:** You and RAC agree that arbitration shall be conducted on an individual basis, and that neither you nor RAC may seek, nor may the Arbitrator award, relief that would affect RAC account holders other than you. There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, mass, private attorney general, or representative action. Nor shall the Arbitrator have any authority to hear or preside over any such dispute or to join or consolidate arbitrations involving more than one consumer unless RAC and the affected consumers all agree in writing. In addition, although the Arbitrator shall be bound by rulings in prior arbitrations involving the same customer to the extent permitted by applicable law, the Arbitrator shall not be bound by rulings in prior arbitrations involving different customers. Regardless of anything else in your Consumer Contract, this Agreement, or the arbitration provider's rules or procedures, the interpretation, applicability, and enforceability of this Paragraph, including, but not limited to, any claim that all or part of this Paragraph is void or voidable, may be determined only by a court. Any such court challenge shall be governed by the law of the customer's mailing address at the time the dispute arises, but only to the extent permitted and not preempted by the FAA or other federal law. If there is a final judicial determination that applicable law precludes enforcement of this Paragraph's limitations as to a particular claim for relief, then that claim (and only that claim) must be severed from the arbitration and may be brought in court.

(E)    **Starting or Initiating Arbitration:** A party who intends to seek arbitration must first send to the other, by certified mail, return receipt requested, a written Notice of Dispute. A Notice of Dispute to RAC should be addressed to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. Notices of Dispute to you will be sent to you at the last known address you provided to RAC. A Notice of Dispute must (i) provide your name, address, phone number, and Consumer Contract number; (ii) describe the nature and basis of the claim or dispute; and (iii) set forth the specific relief sought. You and RAC agree that any statute of limitations applicable to any claims described in a Notice of Dispute shall be deemed to be tolled for 30 days after receipt of that Notice of Dispute.

If RAC and you do not reach an agreement to resolve the claim within 30 days after the Notice is received, you or RAC may commence an arbitration with the American Arbitration Association ("AAA") by sending written notice to the other party _and_ to the AAA by certified mail, return receipt requested. A written request for arbitration should be made as soon as possible after the event or events in dispute so that the arbitration of any differences may take place promptly. Requests for arbitration by you should be sent to: Rent-A-Center's Legal Department, 5501 Headquarters Drive, Plano, Texas 75024-5837. Requests for arbitration by RAC will be sent to you at the last known address you provided to RAC. Requests for arbitration also should be sent to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. The AAA's current address also may be found on its web site at www.adr.org. Requests for arbitration must be clearly marked "Request for Arbitration," include your name, address, phone number, and Consumer Contract number, and provide a short statement of the claim and the relief that is being sought.

(F)    **The Arbitration Process:** Arbitration is more informal than a lawsuit in court. In arbitration you and RAC each give up the right to a trial by jury. The arbitration will be administered by the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall proceed in accordance with the AAA's Commercial Arbitration Rules, Optional Rules for Emergency Measures, and Supplementary Procedures for Consumer Related Disputes ("AAA Rules") in effect at the time the arbitration commences. The AAA rules are available at www.adr.org, or by calling the AAA at 1-800-778-7879 or its then current telephone number as provided on its web site, or by sending a written request to: The American Arbitration Association, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. If the AAA is unavailable or unwilling to administer the matter, the Parties may agree to or a court of competent jurisdiction shall select another arbitration provider to administer the arbitration or otherwise fulfill the duties of the AAA under this Agreement. Any such substitute arbitration provider shall apply the AAA rules, as modified by this Agreement. Unless the parties agree otherwise, the Arbitrator shall be

either an attorney who is experienced in commercial law and licensed to practice law in at least one state or a retired judge from any jurisdiction (the "Arbitrator"). Unless the parties agree otherwise, the arbitration shall take place in the U.S. city or county in which you reside at the time arbitration is commenced.

For claims seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, the AAA shall appoint the Arbitrator in accordance with its rules and procedures. For all claims seeking relief above $75,000.00 in value (in either your or RAC's assessment), excluding attorney's fees and costs, unless prohibited by the AAA (in which case the AAA's rules and procedures for arbitrator selection shall apply), the Arbitrator shall be selected as follows: The AAA shall give each party a list of five (5) arbitrators drawn from its roster of arbitrators. Each party shall have ten (10) calendar days from the receipt of the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of both parties, the parties shall strike names alternately from the list of common names until only one remains. The party who did not initiate arbitration shall strike first. If no common name remains on the lists of all parties, the AAA shall furnish an additional list of five (5) arbitrators from which the parties shall strike alternately, with the party who initiated arbitration striking first, until only one name remains. That person shall be designated as the Arbitrator. Regardless of the value of the claims, if either you or RAC requests emergency relief before the Arbitrator may be appointed, the AAA shall appoint an emergency arbitrator in accordance with the AAA Optional Rules for Emergency Measures of Protection.

Subject to the limitations in Paragraph (D) above, the Arbitrator may award any party any remedy to which that party is entitled under applicable law (including without limitation, legal, equitable and injunctive relief), but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. Except to the extent preempted by the FAA, the Arbitrator shall apply the substantive law including, but not limited to, the applicable statutes of limitations (and the law of remedies, if applicable) of the state of the customer's mailing address with RAC at the time arbitration commences, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party.

Any party may arrange for a court reporter to provide a stenographic record of the proceedings in accordance with the AAA rules. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon the evidence that is presented. Upon request at the close of the hearing, either party shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by reasoned written opinion no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The opinion shall be in writing and include the factual and legal basis for the award. Before the Arbitrator issues this award, neither RAC nor you should disclose the substance of any settlement offers to the Arbitrator.

Each party shall have the right to take the deposition of one individual and any expert witnesses designated by the other party. Each party shall have the right to send requests for production of documents to any party, consistent with applicable legal privileges, the informal and expedited nature of arbitration, and each party's right to a fundamentally fair hearing. At either party's request, the Arbitrator may allow additional discovery. Additional discovery is also permitted by the parties' mutual agreement in writing.

(G)     Arbitration of Claims of $10,000.00 Or Less: If your claim seeks relief valued at $10,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, and the Arbitrator issues you an award that is greater than the value of RAC's last written settlement offer made before the Arbitrator was selected, then RAC will (i) pay you $10,000.00 ("the alternative payment"); and (ii) pay your attorney, if any, one and one half (1½) the amount of attorney's fees, and reimburse any expenses (including expert witness fees and costs), that your attorney reasonably accrued for investigating, preparing, and pursuing your claim in arbitration ("the attorney premium"). If

your claim seeks relief valued at $10,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, and RAC did not make a written offer to settle the dispute before the Arbitrator was selected, you and your attorney will be entitled to receive the alternative payment and the attorney premium, respectively, if the Arbitrator awards you any relief on the merits. The Arbitrator shall make any rulings and resolve disputes as to the payment and reimbursement of fees, expenses and the alternative payment and the attorney premium at any time during the proceeding and upon request from either party made within 14 days of the Arbitrator's ruling on the merits. The alternative payment and attorney premium are available only for arbitrations in which: (1) you seek relief valued at $10,000.00 or less (in both your and RAC's assessment); (2) you have provided RAC with 30 days' notice of the dispute as required by Paragraph (E); and (3) you have not disclosed the substance of any settlement offer by RAC to the Arbitrator before an award on the merits is issued. In assessing whether an award that includes attorneys' fees or expenses is greater than the value of RAC's last written settlement offer, the Arbitrator shall include in his or her calculations the value of any attorney's fees or expenses you reasonably incurred before RAC's settlement offer. If you are entitled to statutory attorney's fees, then the Arbitrator shall decide any award of attorney's fees, but in no event will you be entitled to a recovery of both the attorney premium and an award of attorney's fees pursuant to a statutory award of attorney's fees. If, after commencing arbitration, you amend your claim to include new or different claims or to request different or greater relief than you initially requested, the AAA or the Arbitrator shall stay further arbitration proceedings for 30 days. During that time, RAC may make a written settlement offer. If not accepted, that offer will be used by the Arbitrator to determine whether you are entitled to the alternative payment and whether your attorney, if any, is entitled to the attorney premium. If the AAA appointed an emergency arbitrator to decide a request for emergency relief before the regular Arbitrator who decides the merits of the claims may be selected, RAC's last written settlement offer made before the appointment of the later-selected regular Arbitrator shall be the offer used to determine eligibility for the alternative payment and attorney premium.

(H)     Judicial Review:  Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

(I)     Arbitration Fees And Costs:  RAC will pay all filing, administration, and arbitrator fees assessed by the AAA for any arbitration that RAC commences.  RAC also will pay all such fees for any arbitration that you commence seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs. If, however, the Arbitrator concludes that your claim is frivolous or has been brought for an improper purpose (as measured by the standards of Federal Rule of Civil Procedure 11(b)), then the payment of all such fees shall be governed by the AAA rules, and you agree to reimburse RAC for any monies it paid on your behalf that would be your responsibility under the AAA rules.  In addition, if you commence an arbitration seeking relief valued above $75,000.00 (in either your or RAC's assessment), excluding attorney's fees and costs, the payment of all such fees shall be governed by the AAA rules. The Arbitrator shall determine all factual and legal issues regarding the payment and/or apportionment of said fees and costs.

After RAC receives notice that you have commenced arbitration in accordance with this Agreement of a claim seeking relief valued at $75,000.00 or less (in both your and RAC's assessment), excluding attorney's fees and costs, RAC will promptly reimburse you for your payment of the filing fee. The filing fee currently is $200, but is subject to change by the AAA. If you are unable to pay this fee, RAC will pay it directly upon receiving a written request at the address listed in Paragraph (E). In the event applicable law requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

Each party shall pay for its own costs and attorney's fees, if any. However, if applicable law would entitle a party to an award of reasonable attorney's fees, or if there is a written agreement providing for attorneys' fees, the Arbitrator may award such fees as provided by law, except to the extent such an award would be barred by Paragraph (G) above.

(J)     Interstate Commerce:  You understand and agree that RAC is engaged in transactions involving interstate commerce, and that the Federal Arbitration Act therefore governs this Agreement.

(K)     Sole and Entire Agreement:  This is the complete Agreement of the parties on the subject of arbitration of claims or disputes. This Agreement to arbitrate shall survive the termination of any Consumer Contract you entered into with RAC. Unless this Agreement in its entirety is deemed void, unenforceable or invalid, this Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any

representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

(L)    **Construction:**    Except as provided above in Paragraph (D) above, if any provision of this Agreement is adjudged to be void or voidable or otherwise unenforceable, in whole or in part, such provision shall be severed from this Agreement, and the adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement. You and RAC agree that an executed electronic copy or photocopy of this Agreement shall have the same force and effect as the original.

(M)    **Consideration:**    The mutual obligations by you and RAC to arbitrate differences provide consideration for each other.

ACKNOWLEDGEMENT

BY SIGNING BELOW, YOU ACKNOWLEDGE THAT:   (1) YOU HAVE READ THIS ENTIRE ARBITRATION AGREEMENT CAREFULLY;   (2) YOU ARE ENTERING INTO THIS ARBITRATION AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS ARBITRATION AGREEMENT;   (3) YOU HAVE THE RIGHT TO REJECT THIS ARBITRATION AGREEMENT IN ACCORDANCE WITH PARAGRAPH (A) ABOVE; AND (4) YOU HAVE BEEN PROVIDED WITH A DUPLICATE COPY OF THIS ARBITRATION AGREEMENT. \\\\\\\\\\END OF AGREEMENT\\\\\\\\\\

AGREED TO:   (Only Signatures Follow)

SIGNATURES



Date: _____



Signature - Consumer

Printed Name

Date: _____

Signature - Consumer

Printed Name

Date: _____

Signature — RAC Representative

Printed Name

RACARB1E V3.2 REV. 10/28/2013
©Rent-A-Center West, Inc. 2011