# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| IMPACT RTO FLORIDA, LLC, Petitioner, v. GREGORY BAKER., Respondent. | Case No. 6:21-cv-02098-ACC-EJK |
| GREGORY BAKER., Cross-Petitioner, v. IMPACT RTO FLORIDA, LLC, Cross-Respondent. | Honorable Judge Anne C. Conway<br><br>Honorable Magistrate Judge Embry J. Kidd |

**RESPONDENT/CROSS-PETITIONER'S ANSWER TO PETITIONER/CROSS-RESPONDENT'S PETITION TO VACATE ARBITRATION AWARD AND <u>CROSS-PETITION FOR CONFIRMATION OF THE ARBITRATION AWARD</u>**

NOW COMES Respondent/Cross-Petitioner, Gregory J. Baker ("Baker"), by and through the undersigned, hereby submitting his Answer to Petitioner/Cross-Respondent, Impact RTO Florida, LLC's ("Impact") Amended Petition to Vacate, or in the alternative, Modify an Arbitration Award ("Impact's Petition"), further bringing his own Cross-Petition to Confirm the Arbitration Award ("Baker's Cross-Petition").

## **<u>ANSWER</u>**

1

## JURISDITION AND VENUE

1. Admit

2. Admit

3. Deny

4. Deny

## PARTIES

5. Admit

6. Admit

## BACKGROUND

7. Baker admits her purchased goods from Impact. Baker avers that the references to documents speak for themselves. The remaining allegations constitute legal conclusions to which no response is required.

8. Admit.

9. Baker admits that he instituted a Demand for Arbitration against Rent-A-Center, Inc. and John Doe Franchisee and that his mother Sherry was eventually dismissed as she was not covered by the arbitration clause at issue. Baker denies that Rent-A-Center was an "improper party."

10. Admit

11. Baker denies that Impact overlooked the arbitration clause that was filed in conjunction with his claims. Instead, Impact seemed to be aware, or at least should have been aware, yet failed to realize how the submitted clause impacted their approach to the case.

12. Deny. The record reflects that Impact sought to hide any clause discussing apportionment of fees because Impact sought to recover its own fees from Baker's counsel.

13. Admit

14. Deny. Impact used a *portion* of the arbitration agreement attached to its Petition at Exhibit B as an exhibit to a dispositive motion it filed in the underlying arbitration, several months before the issues of attorney's fees came about, illustrating that Impact was aware of the clause much earlier than it admits.

15. Admit

16. Deny

17. Deny

## VACATUR (OR IN THE ALTERNATIVE, MODIFICATION) OF ARBITRATION AWARD

18. This paragraph constitutes a legal conclusion to which no response is required.

19. This paragraph constitutes a legal conclusion to which no response is required.

20. This paragraph constitutes a legal conclusion to which no response is required.

21. This paragraph constitutes a legal conclusion to which no response is required.

## BAKER'S CROSS-PETITION
## FOR CONFIRMATION OF THE ARBITRATION AWARD

Now comes Baker, Petitioning the Court, Pursuant to 9 U.S.C. § 9, to Confirm the Arbitration Award entered against Impact in favor of Baker. Impact's efforts to vacate or modify the arbitration award are without merit and represent Impact's malicious and bad

faith approach to this entire litigation. Any purported "mistake" by the arbitrator was substantially, if not intentionally, created by Impact's conduct.

At best, Impact seeks to vacate the Award based on a substantively unconscionable contractual clause, one which Impact waived, is equitably estopped from now asserting, and which is unenforceable due to lack of specificity. At worst, Impact deliberately, and in bad faith, hid the clause justifying its request for vacatur/modification from Baker and the Arbitrator in order to make its own baseless and misguided threats of seeking its attorneys' fees from Baker if he persisted in prosecuting his claims. Either way, the award is not subject to vacatur or modification, and therefore must be confirmed.

## VENUE AND JURISDICTION

1. This Court has jurisdiction over Baker's Cross-Petition, and venue is proper in this Court, pursuant to 9 U.S.C. § 9.

## BACKGROUND

2. On December 23, 2020, Baker and his mother, Sherry, instituted a Demand for Arbitration with the American Arbitration Association, alleging numerous violations of law stemming from Impact's then-alleged, now-established, harassment of Baker and Sherry in connection with Impact's efforts to collect a debt from Baker, including claims under the Florida Consumer Collection Practices Act ("FCCPA"). *See* **Exhibit 1** – Baker's Original Arbitration Demand.

3. The FCCPA states that, when collecting consumer debts, no person shall "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in

other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72.

4. If a consumer prevails on their claims under the FCCPA, an award of attorneys' fees for their counsel is mandatory. Fla. Stat. § 559.77(2); *Brook v. Chase Bank USA, N.A.,* 566 F. App'x 787, 790 (11th. Cir. 2014).

5. As Baker's original arbitration demand makes clear, the precise identity of the franchisee at issue – which turned out to be Impact – was unknown to Baker at the time his claims were filed. **Exhibit 1.**

6. Further, as Impact admits, this was a case where there was a binding arbitration clause between the parties.

7. Despite the parties being able to identify the proper franchisee, Impact never made any issue of the arbitration clause Baker submitted in conjunction with filing his claims until responding to Baker's request for fees – and as such, the parties addressed the issue of arbitrability and Impact failed to raise any issues with the clause submitted.

8. On May 17, 2021, Impact filed their Answer to Baker & Sherry's claims, including a counterclaim for breach of contract. *See* **Exhibit 2 –** Impact's Answer.

9. In conjunction with its Answer, Impact filed a copy of the document attached to its Petition as Exhibit A – i.e., the Rental Purchase Agreement ("RPA") – *however*, it did not file the document(s) attached to its Petition as Exhibit B – i.e., the purportedly operative arbitration agreement containing the clause where each party purportedly agreed to bear their own attorney's fees.

10. Impact concluded its Answer and Counterclaim with a prayer for relief, which explicitly states that Impact was requesting an "[a]ward of attorney's fees and costs to

Impact RTO Florida, LLC in an amount to be determined at hearing, specifically pursuant to Fla. Stat. § 559.77(2)." **Exhibit 2.**

11. On May 27, 2021, Impact requested leave to file a dispositive motion in an attempt to dispose of Baker and Sherry's claims. *See* **Exhibit 3 –** Impact's Letter Requesting Leave to File Dispositive Motion.

12. On May 28, 2021, the parties had a telephonic Preliminary Hearing in the arbitration case.

13. A Scheduling Order was entered following the hearing, which states "**By agreement of the Parties and Order of the Arbitrator, the following is now in effect:**" (emphasis in original). *See* **Exhibit 4 –** Scheduling Order.

14. Paragraph 15(b) of the Scheduling Order outlines the parties' agreements regarding "Attorneys' Fees, as the parties both agreed that: "Within fifteen (15) days of the close of the Final Hearing, **each Party shall have the right** to file a brief with authorities, plus affidavits, in support of **their claim** for attorney's fees." (emphasis added). *Id.*

15. As such, both parties agreed that there would be a mandatory right to seek each parties' respective attorney's fees following the hearing in this matter.

16. The Scheduling Order also set Baker and Sherry's time to respond to Impact's request for leave to file a dispositive motion. *Id.*

17. After briefing whether the dispositive motion was proper, the Arbitrator granted leave for Impact to file its dispositive motion.

18. Impact filed its dispositive motion on July 12, 2021, which contained several exhibits. *See* **Exhibit 5 –** Impact's Dispositive Motion and Exhibits.

19. Exhibit A to Impact's dispositive motion contained several contractual documents, including a liability damage waiver, a purported consent for communications, as well as a *portion* of the "arbitration clause" attached to its Petition as Exhibit B. *Id.* **at pp. 11-16.**

20. Curiously, in the exhibit A to its dispositive motion, Impact included the second page of the "arbitration clause" attached to its Petition as Exhibit B, but omitted the first page – the page which contains the language "each party will pay his/its own attorney's fee." *Id.*

21. This demonstrates that Impact was aware of, yet intentionally omitted, the page discussing each party bearing their own attorneys' fees at the time it filed its dispositive motion.

22. It seems substantially certain that, had Impact prevailed on its dispositive motion, it would have sought fees from Claimant's counsel pursuant to Fla. Stat. § 559.77(2), as that provision provides "[i]f the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant."

23. As such, the record suggests that Impact intentionally prevented the Arbitrator and Baker from becoming aware of the clause discussing each party purportedly agreeing to bear their own fees so that Impact could subsequently attempt to request its attorneys' fees from the Arbitrator if successful on its dispositive motion.

24. Unfortunately for Respondent, its dispositive motion was denied. *See* **Exhibit 6 –** Arbitrator's Order Denying Impact's Dispositive Motion.

25. The arbitrator dismissed Sherry from the matter after determining that, despite the viability of her claims, she was not a party to the arbitration clause and, therefore, her

7

claims were not properly before the Arbitrator – an issue on which Impact's dispositive motion did not seek dismissal. *Id.*

26. When Baker's counsel informed Impact that Sherry planned to proceed against Impact in state court for her claims, Impact's counsel once again threatened seeking its attorneys' fees if Sherry did so. *See* **Exhibit 7** – Impact's Email Threat of Fees.

27. Baker subsequently filed an Amended Arbitration demand following the Arbitrator's ruling dismissing Sherry. *See* **Exhibit 8** – Baker's Amended Arbitration Demand.

28. While the parties were briefing the issues surrounding Impact's dispositive motion, Impact responded to Baker's discovery requests.

29. However, Respondent failed to produce the document attached to its Petition as Exhibit B to Baker in discovery, let alone at any point prior to its opposition to Baker's request for attorneys' fees.

30. From there, aside from Impact's misguided request to seek a default judgment in connection with its counterclaim, the parties proceeded to the final hearing.

31. After the conclusion of the hearing, Baker was awarded the full amount of statutory damages available under the FCCPA, as well as an additional $5,000.00 in actual damages stemming from the emotional distress caused by Impact; while awarding nothing on Impact's breach of contract counterclaim. *See* **Exhibit 9** – Arbitrator's Interim Award.

32. The Arbitrator further set the schedule for the parties to brief the issue of Baker's entitlement to attorneys' fees, as the parties agreed upon entry of the Scheduling Order. *Id.*

33. After Baker's counsel submitted his request for fees, Impact's counsel responded, for the first time raising the issue of the purported arbitration clause where each party

purportedly agreed to bear their own attorneys' fees. *See* **Exhibit 10 –** Impact's Response to Baker's Request for Fees.

34. As Impact's response, in addition to the above, clarifies, "[t]he first page of the Arbitration Agreement, however, which clarifies that each party shall bear his/its own attorney's fees, was not previously produced **because it was recently uncovered by Impact Respondent.** *Id.* **at p. 2** (emphasis added).

35. However, the procedural posture of the case suggests that Impact had uncovered the document much earlier and intentionally buried its existence.

36. It defies logic to believe that Impact, in filing its dispositive motion and in responding to Baker's discovery requests, did not see the first page of the arbitration clause, but saw and decided to include the second page in support of its dispositive motion – especially considering its careful picking and choosing of what documents it wanted to include.

37. Instead, given the dual-fee-shifting nature of the FCCPA, the weight of the evidence suggests that Impact knowingly withheld the document, and did so until its own ability to recoup such fees was foreclosed and it faced liability for Baker's attorney's fees.

38. This further demonstrates the disingenuous, and inherently false, justification provided by Impact to the Court in seeking to modify and/or vacate Baker's arbitration award.

39. The Arbitrator then subsequently awarded Baker his attorneys' fees in the amount of $20,542.50. *See* **Exhibit 11 –** Arbitrator's Final Award.

40. Despite there being an avenue through which Impact could have challenged the Arbitrator's award – pursuant to AAA Consumer Arbitration Rule 47

41. As the above illustrates, not only does Impact's Petition make false and disingenuous representations to the Court, but it is clear that Impact lacks a good faith basis to seek modification or vacatur of the award, and that its attempt to do so was brought for an improper purpose, including to harass, cause unnecessary delay, and to needlessly increase the cost of litigation for Baker and Baker's counsel.

42. The Court should therefore utilize its discretion and deny Impact's Petition, as granting Impact's requested relief would inflict a manifest injustice on Baker, his counsel, and consumers everywhere who seek to vindicate their statutory rights.

## CONFIRMATION OF AWARD UNDER THE FAA

43. Pursuant to 9 U.S.C. § 9, a district court "must grant such an order [confirming an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

44. Since it would be inherently unjust for the Award to be vacated or modified, it must be confirmed.

45. Numerous additional factors underscore the impropriety of vacating or modifying the award as requested by Impact.

46. As an initial matter, the clause proffered by Impact cannot be construed as to constitute a waiver of Baker's statutory right to attorney's fees under the FCCPA, given its lack of specificity. *Bank of Am., N.A. v. Hubler,* 211 S.W. 3d 859 (Tex. Ct. App. 2006) ("to waive or contract-around a specific protection the law accords requires specificity").

47. Impact's proffered clause falls woefully short of providing the requisite specificity for the clause to be construed in a manner that would foreclose Baker's statutory right to attorney's fees under the FCCPA.

48. Further, Impact waived any right to enforce the clause that each party is to bear their own fees, given its insistence, throughout the underlying litigation, that it was seeking its fees against Baker. *Raymond James Fin. Servs. v. Saldukas,* 896 So. 2d 707, 711 (Fla. 2005) ("We have long held that a party's contract rights may be waived by. . . taking action inconsistent with that right"); *Major League Baseball v. Morsani,* 790 So. 2d 1071, 1077, n.12 (Fla. 2001) (defining "waiver" as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.).

49. Impact's answer clarifies that it was seeking its fees, its conduct at the scheduling conference doubled down on that reference, which resulted in the parties agreeing that the issue of each parties' entitlement to attorney's fees would be addressed after the final hearing in this matter. Impact's counsel further repeatedly threatened Baker with seeking its fees. Clearly, Impact acted inconsistently with any purported contractual right that each party would bear their own attorneys' fees, and is now using the clause in a last-ditch effort to avoid its liability for Baker's fees – fees which were necessarily incurred as a result of Impact's intransigent approach to the litigation and seeming inability to assess its potential liability on Baker's claims.

50. Additionally, granting Impact's Petition would result in the Court choosing to enforce a substantively unconscionable contractual clause.

51. Numerous courts, including the Supreme Court, have found that, when an arbitration clause contains language suggesting that each party will bear their own attorneys' fees regardless of outcome, yet the substantive law at issue provides for such fees to the prevailing party, such clause is substantively unconscionable. *See e.g.,*

*Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 417 (1978); *Spinetti v. Serv. Corp. Int'l,* 324 F.3d 212 (3d Cir. 2003); *Glenwright v. Carbondale Nursing Home, Inc.,* 2017 U.S. Dist. LEXIS 41805 (M.D. Pa. Mar 23, 2017); *Baugh v. A.H.D. Houston, Inc.,* 2020 U.S. Dist. LEXIS 93643, at *13-14 (S.D. Tex. May 28, 2020) (noting how arbitration clauses relating to statutory claims are not enforceable "when a party is forced to 'forgo the substantive rights afforded by the statute,' as opposed to merely 'submitting to resolution in arbitral, rather than a judicial, forum."); *Brown v. MHN Gov't Servs., Inc.,* 178 Wn. 2d 258 (Wash. 2013).

52. The instant matter is case in point as to why such clauses are deemed unconscionable. If the clause was enforceable, a consumer, like Baker, would be unable to find counsel to prosecute his statutory claims, in turn giving Impact, an entity found liable to Baker for harassment in violation of the FCCPA, carte blanche to harass consumers, since such consumers would not be able to effectively seek recourse due to the inability for counsel to be properly incentivized to take such cases.

53. Therefore, Baker's Final Award must be confirmed. Not only does Impact seek to vacate or modify the award on the basis of an unenforceable contractual provision, but Impact intentionally hid the clause justifying its Petition in order to unfairly maintain its own (misguided) ability to seek its attorneys' fees from Baker.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Baker respectfully requests that the Court:

(1) Enter a briefing schedule setting the deadlines for: Baker to submit his Motion to Confirm; Impact to submit its Motion to Vacate/Modify; and the respective responses and replies thereto;

(2) Issue an order granting Baker's Petition in its entirety and denying Impact's Petition in its entirety;

(3) Confirm the Arbitrator's Final Award in favor of Baker and against Impact;

(4) Award Baker pre-and-post-judgment interest on the Award;

(5) Award Baker his costs and reasonable attorneys' fees in reducing the Award to final judgment with the Court; and,

(6) Award any other relief as the Honorable Court deems just and appropriate.

Dated: January 24, 2022						Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Baker*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Respondent/Cross-Petitioner, certifies that on January 24, 2022, he caused a copy of the foregoing, **RESPONDENT/CROSS-PETITIONER'S ANSWER TO PETITIONER/CROSS-RESPONDENT'S PETITION TO VACATE ARBITRATION AWARD AND CROSS-PETITION FOR CONFIRMATION OF THE ARBITRATION AWARD,** to be served electronically via CM/ECF system on: all counsel of record.

s/ *Alejandro E. Figueroa*  
Alejandro E. Figueroa  
*Counsel for Baker*