

June 28, 2021

<u>*Via Email:*</u>

American Arbitration Association
Northeast Case Management Center
c/o Arbitrator Johnsen
joan@jsj-adr.com

> ***Re:***   ***Case Number: 01-20-0015-8199, Renee Jackson v. Rent-A-Center, Inc., et al.***
> ***Request to File a Motion to Compel Deposition Testimony of Renee Jackson and***
> ***Supplementation of Certain Discovery (Pursuant to Rule 24)***

Dear Arbitrator Johnsen:

As you are aware, this firm represents respondents Rent-A-Center, Inc. ("RAC Respondent"), Impact RTO Holdings, LLC and Impact RTO Florida, LLC ("Impact Respondents) (collectively "Respondents") in the above-captioned matter. Pursuant to Consumer Arbitration Rule 24, Respondents write to notify this tribunal that they seek leave to file a motion to compel the deposition testimony of Claimant, Renee Jackson, as well as the disclosure / supplementation of certain discovery which was not properly propounded by Claimant during the initial exchange of information and documents.

Of relevance and concern are the parties' communications over recent weeks concerning depositions of their respective clients, particularly because undersigned counsel was planning on following up on certain discovery-related matters in the deposition of Ms. Jackson.

To wit, on June 9, 2021, undersigned counsel contacted attorney for Claimant, Mr. Volheim, requesting his client's availability for deposition, to which Mr. Volheim responded "Happy to get that for you. What time window would you like to take it?..." *See* Exh. A – Email Exchange Between Counsel re Depo Dates for Claimant (attached). The following day, on June 10, Mr. Volheim responded "Morning. Our Client is available July 6, 7, 8." *See* Exh. B – Email from Attorney Volheim Confirming Claimant's Dates of Availability for Deposition (attached).

Over the weeks that ensued, counsel communicated with each other concerning various discovery matters, as was required pursuant to this tribunal's Preliminary Order No.1 and as per Fed. R. Civ. P. 37. Because deposition notices had not yet been issued by either party, undersigned counsel followed up with attorney Volheim on June 20 seeking to confirm Ms. Jackson's availability on July 8 (as he had previously indicated was one of her available dates), in order to notice the deposition, and also provided deposition dates for the corporate representative of Impact Respondents. On June 21, attorney Volheim suggested that they confer on June 23 as to this matter and other pending discovery



issues. *See* Exh. C - June 21, 2021 Email Exchange Between Counsel re Various Discovery Matters, inc. Depo Date for Claimant. Counsel conferred as to these matters on June 23 (attached).

Unfortunately, the June 23 conference proved to be futile as undersigned counsel was unable to address certain issues she and co-counsel attorney Woody Webb had concerning Claimant's discovery responses, mainly due to the volatile behavior exhibited by Mr. Volheim during the call. For the first time since the parties have been coordinating deposition dates, Mr. Volheim began the conversation by indicating that he was now *refusing* to make his client available for deposition under the pretense that the Preliminary Order in this case did not *specifically* address the issue of deposition testimony and only referred to "witness testimony" generally. Mr. Volheim not only refused to be held accountable for his misleading communications prior to this conference, but also made it abundantly clear that he was unwilling to engage in any good faith attempts to resolve issues with opposing counsel, indicating that the parties are diametrically opposed to one another and "will never see eye to eye". All the while, Mr. Volheim demanded that his requests be met, specifically the supplementation of certain discovery, which Respondents have agreed to and have indeed since provided. Mr. Volheim memorialized his new posture concerning the deposition of his client in an email on June 25, in which he conveniently failed to acknowledge the novelty of his statements earlier that day and attempted to make it seem as though opposing counsel delayed in bringing up the issues pertaining to the deposition of his client, which cannot be farther from the truth. *See* Exh. D - June 25, 2021 Email from Attorney Volheim's Retracting Agreement as to Ms. Jackson's Deposition.

As if this were not enough, Mr. Volheim spent a large portion of the discussion on June 23 belittling opposing counsel, asserting that he made certain statements solely for the purpose of "pissing [them] off", and unfoundedly accused *undersigned counsel* of engaging in delay tactics. To make matters worse, Mr. Volheim threatened that "more lawsuits were on the way" while boasting about his odds at success in these matters. Despite Mr. Volheim's conduct, undersigned has been nothing but gracious to him and amenable to his various requests for information throughout this entire proceeding. Any anticipated arguments on his part to the contrary are completely unfounded and should be considered "red herrings" since undersigned is prepared to proceed with the dates outlined in the scheduling order. Thus, it is evident that Mr. Volheim's refusal to provide his client for deposition after explicitly representing that she was indeed available on certain days was undeniably done in bad faith. It also raises serious suspicions as to whether he ever truly intended to follow through on his representations and whether he is capable of honoring any future mutual agreements without the need of future intervention by the arbitrator.

Lastly, Mr. Volheim's overall conduct runs afoul of the AAA's Standards of Conduct for Parties and Representatives, which states, in pertinent part, that "Participants in AAA-administered cases shall treat all employees and others involved in the proceedings in a ***courteous, respectful and civil manner.***" (emphasis added). In anticipation of future proceedings initiated by Mr. Volheim against Respondents, undersigned would like to call attention to the following provision of the AAA's Standards of Conduct, which states, in pertinent part:



"*Participants shall not repeatedly file unmeritorious demands for arbitration, pleadings, or other papers, or engage in other tactics that the AAA or an arbitrator determines are frivolous, <u>filed for the purpose of harassment</u>, or primarily intended to cause unnecessary delay or increased costs.*" *See* American Arbitration Association – International Centre for Dispute Resolution Standards of Conduct for Parties and Representative, (emphasis added) a copy or which is attached hereto as Exhibit E.

Since Mr. Volheim has refused to provide his client for deposition (in contradiction of his previous representations) and given his belligerent behavior towards opposing counsel, any further attempts to meet and confer on Respondents' discovery issues is futile. Respondents are left with no choice but to seek leave to file a motion to compel. Considering the June 28 discovery cut-off date, ***<u>Respondents respectfully request that they be granted the opportunity to seek leave to file a motion to compel the deposition testimony of Ms. Jackson and the discovery of certain additional information and documents not previously provided by Claimant</u>***. The requests for the supplementation of certain discovery responses are specifically identified in "Schedule A", which is also attached to this communique. If granted such leave, Respondents will be able to file their motion promptly. To the extent opposing counsel agrees to adequately supplement the requested discovery responses and indeed provides the information sought, then undersigned would be willing to *<u>consider</u>* withdrawing the request to compel Ms. Jackson's deposition.

Respectfully submitted,

By:     /s/ Cintia Calevoso, Esq.
        *(signed electronically to prevent delay)*
        Cintia Calevoso, Esq.
        For the Firm
        cintia@calevosolaw.com

Cc:

Nathan C. Volheim, Esq.
nvolheim@sulaimanlaw.com

Alejandro E. Figueroa, Esq.
AlejandroF@sulaimanlaw.com

Clinton W. Quillan, Esq.
Clinton.quillan@rentacenter.com

Woody Webb Jr., Esq.
woodywebb@mindspring.com